UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| Brian Joseph Stoltie, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No.: 0:19-cv-00387-SAL |
| v. | ) | |
| County of Lexington; Wellpath; Lexington County Sheriff's Department; Kevin Jones; Lona Starks; Mr. Darby; Ms. Betty; Ms. Jessica; Ms. Hare; Mr. Keys; David Or; Mr. J. Murphy, | ) | OPINION AND ORDER |
| Defendants. | ) | |

This matter is before the Court for review of the October 11, 2019 Report and Recommendation of the United States Magistrate Judge (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). In the Report, the Magistrate Judge recommended that Defendants' Motions for Summary Judgment, ECF Nos. 51, 65, be granted, because of Plaintiff's failure to exhaust his administrative remedies as required under the Prison Litigation Reform Act. Plaintiff objected to the Report, ECF No. 89, and Defendants replied. ECF Nos. 90, 91.[1]

I.  **Background**

Plaintiff brings this action under 42 U.S.C. § 1983, which the Court construed as a claim for deliberate indifference to his medical needs in violation of the Fourteenth Amendment. *See* ECF No. 7 at 1. Plaintiff claims that he received inadequate medical care after he injured his foot in a stairwell at the Lexington County Detention Center. *See* ECF No. 1.

---

[1] The Court does not consider Plaintiff's sur-replies, ECF Nos. 94, 95, filed without leave. *See* 28 U.S.C. § 636(b)(1).

1

### A. Applicable Administrative Remedy Procedure

Under the Prison Litigation Reform Act ("PLRA"), Plaintiff is required to exhaust available administrative remedies before filing suit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Plaintiff must use "all steps that the agency holds out, and [do] so *properly*." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quotation omitted) (emphasis in original).

Administrative Lieutenant Jeremy Vetter testified to the administrative procedures within Lexington County Detention Center that are applicable to the claims in this case. *See* Vetter Aff., ECF No. 65-2. Detainees must first file a grievance within three days of the event forming the basis of the grievance. The Grievance Manager is to respond to all grievances within ten days of filing. If a detainee is dissatisfied with the Grievance Manager's response, he or she may appeal such response within five days. *Id.* at ¶¶ 3-5. Decisions rendered in response to an appeal are considered final. *Id.* at ¶ 5.

### B. The Administrative Record

Plaintiff filed two grievances; one on October 19, 2018, and one on November 1, 2018. *See* ECF No. 1-1 at 2, 4. Copies of these grievances are attached to the Complaint in proper form. *Id.* Sergeant Hare responded to the October 19, 2018 grievance on October 22, 2018, and advised Plaintiff that he must submit a separate grievance for each issue. ECF No. 1-1 at 2; ECF No. 65-2 at ¶ 7; ECF No. 65-3. Sergeant Hare's response appears to be the cause of the November 1, 2018 grievance. Lena Starks responded to Plaintiff's November 1, 2019 grievance

on November 12, 2018, noting that Plaintiff's issues had been addressed during a medical appointment on November 6, 2018.

Plaintiff claims to have filed an appeal on November 13, 2018, apparently so that he would not miss the five-day appeal timeframe prescribed by the detention center. *See id.* at ¶ 29; ECF No. 89 at 2. In support of this claim, Plaintiff states that he wrote the text reproduced in Exhibit C of the Complaint on the proper appeal form attached as Exhibit G. *See* ECF No. 89 at 2. Lieutenant Vetter contradicts this assertion in his affidavit, in which he testified that he has reviewed Plaintiff's grievance history, and that Plaintiff "did not file an appeal" from Lena Starks' response to his November 1, 2018 grievance. ECF No. 65-2 at ¶¶ 6, 8.

The Report concluded that no reasonable jury could find that Plaintiff had properly exhausted available administrative remedies, because the text reproduced in Exhibit C of the Complaint was not on the proper form and contained no information that would identify Plaintiff as the appellant. *See* ECF No. 86 at 5. Plaintiff objects to the Magistrate Judge's Report, and argues that because he did not receive a response to the November 13, 2018 appeal, the administrative remedies he would otherwise be obligated to exhaust are not "available" for purposes of the PLRA.

Because the Court agrees with the Magistrate Judge's conclusions, and otherwise finds that the appeal was improper even if it had been filed on the proper form and with identifying information, Defendants are entitled to summary judgment.

## II. Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. See *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with

making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## III. Discussion

The Court finds insufficient evidence in the record to enable a reasonable jury to conclude that Plaintiff properly exhausted his available administrative remedies as required under the PLRA. Even if Plaintiff did file the appeal on November 13, it was improper, and Defendants are therefore entitled to summary judgment.

First, Defendants have carried their initial burden in establishing a lack of material, genuine issues for trial under the summary judgment standard applicable to the affirmative defense asserted. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). The record and affidavit testimony clearly establish that Lexington County Detention Center's administrative appeal process permits for an appeal to be filed within five days of a detainee's receipt of a "decision." *See* ECF No. 1-1 at 2 ("*Decisions* may be appealed (on an inmate request form), within (5) days of *decision*, through the chain of command.") (emphasis added). Jeremy Vetter testified, without contradiction anywhere in the record, that Plaintiff "did not file an appeal regarding [Lena Starks'] response to his grievance." Vetter Aff., ECF No. 65-2 at ¶ 8.

Instead, Plaintiff's theory appears to be that he was owed a decision responsive to his grievance no later than ten calendar days after he filed the grievance on November 1, 2020. *See*

4

*id.* ("You will receive a response to your issue/concern within 10 days."). Accordingly, he implies that a failure to respond on or before November 11, 2018, constitutes an appealable decision, which he claims to have appealed on November 13, 2018. This reading violates the purpose of requiring administrative remedies and is untenable in light of Lena Starks' response on November 12, 2018, which was rendered before Plaintiff claims to have filed the appeal on November 13, 2018. *See* ECF No. 1-1 at 4, 6.

> With respect to the grievances, Plaintiff's purported appeal states:
>
> I have yet to receive a response[,] and the stated 10 days has [sic] expired[,] wherefore I respectfully demand that said grievances automatically be appealed to the next level. This shall act as [Plaintiff]'s final attempt to exhaust his administrative remedies.

This appeal, assuming it was actually filed, cannot reasonably be considered proper. *See Woodford*, 548 U.S. at 90. In addition, Plaintiff's declaration that the appeal shall be considered a final attempt to exhaust his remedies is ineffective to supplant the detention center's procedure requiring appeal from a decision. It is the prison that delimits what procedures are to be followed. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Lexington County Detention Center unambiguously requires detainees to appeal *decisions*. Plaintiff's attempt to effectively skip a level of administrative review by holding Lena Starks to account for a one-day delay in responding accordingly fails. First, the procedure outlined in the record does not permit an inference that grievances are somehow deemed denied if not responded to within ten days. Second, the short delay in responding to the November 1, 2018 grievance does not render the proper administrative remedy unavailable. *See Ross v. Blake*, 136 S. Ct. 1850, 1853–54 (2016).

## IV. Conclusion

After a thorough review of the Report, the applicable law, and the record of this case, the Court hereby adopts the Report and Recommendation, ECF No. 86, as modified herein. Accordingly, Defendants' Motions for Summary Judgment, ECF Nos. 51, 65, are GRANTED on the issue of exhaustion under the Prison Litigation Reform Act. Plaintiff's claims are therefore dismissed without prejudice, except for those against Defendant Lexington County Sheriff's Department and Defendant Lexington County, which are dismissed with prejudice.[2]

IT IS SO ORDERED.

/s/ Sherri A. Lydon
Sherri A. Lydon
United States District Judge

March 27, 2020
Florence, South Carolina

---

[2] The Court finds no clear error in this recommendation, and no specific objections thereto. *Diamond*, 416 F.3d at 315.