IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Joseph Stoltie, ) | C/A No. 0:19-cv-00387-SAL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| County of Lexington; Wellpath; Lexington ) | |
| County Sheriff's Department; Kevin Jones; ) | |
| Lona Starks; Mr. Darby; Ms. Betty; Ms. ) | |
| Jessica; Ms. Hare; Mr. Keys; David Or; ) | |
| Mr. J. Murphy, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on a Motion for Reconsideration filed by Plaintiff Brian Joseph Stoltie ("Plaintiff") on July 14, 2020.[1] [ECF No. 110.] This motion asks the court to reconsider its March 27, 2020 Order adopting the Report and Recommendation and granting summary judgment in favor of Defendants. *Id.* Defendants Wellpath, Lena Starks, Dr. Darby, Ms. Betty, and Ms. Jessica filed an opposition to the motion on July 21, 2020.[2] [ECF No. 111.] Plaintiff filed a Reply on July 30, 2020.[3] [ECF No. 113.] The matter is ripe for resolution by the court.

---

[1] The Motion was postmarked on July 14, 2020, and filed by the clerk of court on July 17, 2020. [ECF No. 110-1]; *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (discussing the prisoner mailbox rule, whereby the date of filing is the date on which a prisoner-plaintiff places a document to be filed on the docket into the prison mail system).

[2] Defendants Lexington County, Lexington County Sheriff's Department, Jones, Hare, Keyes, Orr, and Murphy filed an opposition to the motion on August 7, 2020. [ECF No. 114.] That opposition is untimely and will not be considered by the court.

[3] The reply was postmarked on July 30, 2020, which is within the additional 3-day period allowed by Rule 6, FRCP for service by mail. Plaintiff also filed a supplement and a sur-reply on October 2, 2020 and October 9, 2020, respectively. [ECF Nos. 116, 117.] Plaintiff failed to seek leave before filing either document. Moreover, the local civil rules of this District do not provide for sur-replies. For these reasons, the court need not consider either filing. Yet, even if the filings are considered, they do not make a difference to the undersigned's analysis of the matter or the outcome.

Motions to reconsider are governed by Rule 59(e) of the Federal Rules of Civil Procedure. The rule provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Further, the Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment only: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pacific Insurance*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

In line with the foregoing, Plaintiff's motion necessarily fails for two reasons. First, it is untimely. The order adopting the Report and Recommendation was entered on March 27, 2020. [ECF No. 105.] Plaintiff had twenty-eight (28) days from that date to file his motion. He waited until July 14, 2020—three months too late. "[B]ecause the filing period in Rule 59(e) is mandatory and jurisdictional . . . the court is without jurisdiction to entertain" the untimely motion. *Miracle of Life, L.L.C. v. N. Am. Van Lines, Inc.*, 447 F. Supp. 2d 519, 521 (D.S.C. 2006).

Second, even if this court had jurisdiction to consider the merits of Plaintiff's motion, he fails to identify any intervening change in controlling law, new evidence, or an error of law in the prior order. In his motion, Plaintiff merely asserts that "Plaintiff has a merito[rious] case and did in fact

2

exhaust all 'available' administrative remedies" and then concludes that his claim meets the relevant summary judgment standard. [ECF No. 110.] This is a quintessential example of a "[m]ere disagreement" that "does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson*, 994 F.2d at 1082). As a result, Plaintiff has not presented any viable arguments which would lead this court to reconsider its prior order.

For the foregoing reasons, Plaintiff's Motion for Reconsideration, ECF No. 110, is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

November 19, 2020
Florence, South Carolina

3